UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DEBRA DUMMITT MEYERS AND RONALD PALMERO | CIVIL ACTION |
| VERSUS | NO. 15-292 |
| A.W. CHESTERTON, ET AL. | SECTION "L" |

## ORDER AND REASONS

Before the Court is Defendant Crane Co.'s Motion for Reconsideration of the Court's Order and Reasons, issued May 20, 2015, which granted Plaintiffs' Motion to Remand to State Court. (Rec. Doc. 111). If the Court denies the Motion to Reconsider, Crane indicates its intention to appeal. Therefore, in the alternative, Crane's Motion asks the Court to issue an order staying the remand pending that appeal. *Id.* Having considered the parties' briefs and the applicable law, the Court now issues this order.

I.   BACKGROUND

As Plaintiffs Debra Meyers and Ronald Palermo ("Plaintiffs") allege, they are the adult children of Ronald Dummitt ("Mr. Dummitt"), who died of malignant mesothelioma. From 1960 to 1988, Mr. Dummitt worked as a boiler technician for the U.S. Navy. He served aboard various naval vessels. Plaintiffs allege that Mr. Dummitt was exposed to asbestos at various facilities during his work. Plaintiffs further allege that Mr. Dummitt was exposed to asbestos at various shipyards while his naval vessels were being repaired, maintained, or refitted. Plaintiffs allege that this exposure caused Mr. Dummitt's malignant mesothelioma, resulting in his death.

Plaintiffs filed suit in Louisiana state court seeking damages from a number of Defendants, who allegedly were miners, manufacturers, sellers, users, distributors and/or

suppliers of asbestos products and whose actions or omissions caused Mr. Dummitt's exposure. Thereafter, Plaintiffs moved to amend their complaint, seeking to disclaim any cause of action for recovery for wrongful acts that were required by or committed at the direction of a federal officer. Later that same day, before the state court ruled on the motion to amend, Defendant GE ("GE"), joined by other Defendants, removed the case to this Court under the Federal Officer Removal Statute. Defendants asserted that their actions were compelled by federal officers – that is, Navy officials. The next day – after removal – the state court issued an untimely order to grant the motion to amend. Plaintiffs filed a similar motion for leave to amend in this Court, which was granted. Plaintiffs thus filed in this Court a First Amended Complaint disclaiming (and agreeing to be bound by such disclaimer) any cause of action against any Defendant, if such acts or omissions were required by and/or committed at the direction of any officer of the United States. (Rec. Doc. 75)

On March 10, 2015, Plaintiffs filed a Motion to Remand to State Court. (Rec. Doc. 39). Plaintiffs asserted two reasons for remand. First, they argued that they specifically disclaimed any claim against Defendants with regard to design-defect or strict-liability where Defendants' actions were compelled by federal officers.  Second, Plaintiffs argued that Defendants could not remove on failure to warn because Defendants could not demonstrate that their failure to warn was compelled by federal officers. Plaintiffs asserted that the evidence presented by Defendants did not demonstrate that the Navy prevented Defendants from complying with their duties to warn under state law.  Thus, Plaintiffs argued that Defendants could not show a causal nexus or a colorable federal contractor defense.

After considering the parties' briefs and the relevant law, the Court issued an Order and Reasons, granting the Plaintiffs' Motion to Remand to State Court. (Rec. Doc. 109). In addition

to finding that Defendants could not remove based on Plaintiffs' disclaimed strict-liability and design-defect claims, the Court further held that Defendants could not remove based on Plaintiffs' failure to warn claims because Defendants could not establish the "casual nexus prong" of the Federal Officer Removal Statute.  As this Court explained in *Cole v. Northrop Grumman Ship Sys., Inc.*, 07-3049, 2008 WL 2651428, at *4 (E.D. La. July 7, 2008) (Fallon, J.), the causal nexus prong requires a showing of direct government control over warnings, such that the government's "direction and control directly interfered with the defendant's ability to fulfill its state law obligation to warn employees of safety hazards." *Cole*, 2008 WL 2651428, at *4.  Although the Navy exercised some degree of control over labeling and packaging, the evidence did not show that the Navy *prohibited* the defendants from providing asbestos warnings.  Thus, the Court held that Defendants could not remove based on Plaintiffs' failure to warn claims.

## II.    PRESENT MOTION

Defendant Crane puts before the Court a Motion for Reconsideration of the Court's Order & Reasons issued March 20, 2015 and, in the alternative asks the Court to issue an order staying the remand pending an appeal. (Rec. Doc. 111).  Plaintiff files the Motion for Reconsideration on the grounds that the Court erred by holding that Crane failed to establish the casual-nexus element of the government-contractor defense with respect to Plaintiffs' failure to warn claims.  Crane realleges that it established the necessary elements, including the causal-nexus element, of the government contract defense for failure to warn claims. (Rec. Doc. 111 at 2-3).  Plaintiffs oppose this motion and argue that Crane is merely rehashing the arguments and citations the Court already decided were inadequate. (Rec. Doc. 112).  Plaintiffs aver that Crane is merely unsatisfied with the Court's ruling and now seeks a second hearing, which is prohibited by settled law. (Rec. Doc. 112 at 1).  Plaintiffs also contend that Crane cannot seek a stay of the Court's remand order as the Court already executed the order and therefore divested itself of

3

jurisdiction in favor the state court. Further, Plaintiffs argue that even if a stay could be ordered, it is not warranted given the improbability of success on appeal along with important comity concerns weighs against a stay. (Rec. Doc. 112 at 2).

### III. LAW & ANALYSIS

#### A. Motion for Reconsideration

The Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). However, when a movant seeks review of a judgment, such as in the present case, courts treat a motion for reconsideration as either a Rule 59(e) motion to alter or amend judgment, or as a Rule 60(b) motion for relief from a judgment or order. *Lavespere v. Niagara Mach. & Tools Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990). The motion is considered a Rule 59(e) motion if filed no later than 28 days from the entry of a judgment, and a Rule 60(b) motion if filed after this time period. *See* Fed. R. Civ. P. 59(e). Here, Defendant filed its Motion within 28 days of entry of the Court's Order & Reasons; thus, the Motion is treated as a Rule 59(e) motion to alter or amend judgment.

A Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004)(citing *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Rather, Rule 59(e) serves the narrow purpose of correcting manifest errors or law or fact, or presenting newly discovered evidence. *Lavespere v. Niagra Mach. & Tool Works, Inc.*, 910 F.2d 1667, 174 (5th Cir. 1990); *Templet*, 367 F.3d at 479 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Id.* (citing *Clancy v. Empl'rs Health Ins. Co.*, 101 F.Supp.2d 463, 465 (E.D. La. 2000)). "A Rule 59(e)

motion should not be used to re-litigate prior matters that...simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.*, 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). District courts have "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." *Hale v. Townley*, 45 F.3d 914, 921 (5th Cir. 1995).

In the present case, Crane urges the Court to reconsider its previous Order & Reasons but fails to articulate any new argument or cite any new evidence that demands such a remedy. Rather, Crane rehashes the same arguments that he has already put before this Court. Crane, for example, highlights three out-of-circuit cases it claims support its position that it <u>already</u> cited to in its opposition. The Court did not find these cases persuasive in Crane's opposition and continues to hold that Crane's position is contrary to the settled law of this Circuit. Thus, the Court refuses to grant Defendant Crane's Motion for Reconsideration as it fails to show any manifest error in the Court's order of remand and merely signifies an attempt to relitigate issues already decided by this Court.

  **B.**  **Motion for Stay**

Pursuant to 28 U.S.C. § 1447(c), once a certified copy of the remand order is mailed to the State court clerk, "[t]he State court may thereupon proceed with such case." The statutory language is clear that jurisdiction over a removed matter shifts back to the state court when the clerk certifies and mails out a remand order. Given the clear statutory language, the Court must abstain from entering orders that conflict with the state court's proper exercise of jurisdiction. Further, the Fifth Circuit case law supports this statutory construction. *See Arnold v. Garlock, Inc.*, 278 F.3d 426, 438 (5th Cir. 2001)(noting that § 1447(c) "creates legal significance in the mailing of a certified copy of the remand order in terms of determining the time at which the district court is divested of jurisdiction"). Thus, the Court is divested of its jurisdiction to issue a

stay in this case as the clerk of this Court forwarded a certified copy of the remand order to the state court on May 21, 2015.

However, even if the Court found that it retained jurisdiction to stay the remand order pending appeal, the Court would not exercise its discretion to stay the proceeding. When presented with a motion for a stay pending appeal, the Court employs the following four-part test: (1) whether the movant has made a showing of likelihood of success on the merits, (2) whether the movant has made a showing of irreparable injury if the stay is not granted, (3) whether the granting of the stay would substantially harm the other parties, and (4) whether the granting of the stay would serve the public interest. *Ruiz v. Estelle*, 666 F.2d 854, 856 (5th Cir. 1982). These factors do not weigh in favor of a stay. The first requirement is the most critical requirement as "it is a widely held view that a stay can never be granted unless the movant has shown that success on appeal is probable." *Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981). Given that the Court correctly applied the law in determining that Defendant Crane failed to demonstrate federal removal jurisdiction over the Plaintiffs' claims, Crane cannot show that success on the appeal is probable. Further, Crane has failed to prove that any of the other three factors are "heavily tilted in the movant's favor" as required by law. *See* 666 F.2d at 56-57). Crane has not satisfied its burden of proof. Consequently, even if the Court had jurisdiction, it would not exercise its discretion to stay the proceedings.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant Crane's Motion for Reconsideration is **DENIED**. **IT IS FURTHER ORDERED** that Defendant's Motion to Stay Remand Pending Appeal is **DENIED**.

New Orleans, Louisiana, this 18th day of June, 2015.

_____
UNITED STATES DISTRICT JUDGE

7